IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| DOMINIQUE GALLASHAW, | : | |
|---|---|---|
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 09-4062 |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

March _9_ , 2011                                                        Anita B. Brody, J.

## MEMORANDUM

### I. Introduction

Plaintiff Dominique Gallashaw ("Plaintiff" or "Gallashaw") brings suit against Defendant City of Philadelphia ("Defendant" or "City of Philadelphia" or "City") under 42 U.S.C. § 1983 and state law.[1] Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Defendant has filed a Motion for Summary Judgment. For the reasons set forth below, I will grant that Motion.

### II. Background

#### A. Alleged Facts[2]

---

[1] Plaintiff also invokes 42 U.S.C. § 1988. However, "section 1988 does not create independent causes of action, it simply 'defines procedures under which remedies may be sought in civil rights actions.'" *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988) (quoting *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985)); *see also Tunstall v. Office of Jud. Support of Ct. C.P.*, 820 F.2d 631, 633 (3d Cir. 1987) (citing *Moor v. Cnty. of Alameda*, 411 U.S. 693, 702 (1973), for the proposition that "§ 1988 does not create an independent federal cause of action; it is merely intended to complement the various acts which do create federal causes of action for the violation of federal civil rights")).

[2] On a motion for summary judgment, the facts are interpreted in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). All facts are taken from Plaintiff's statements of the case.

Plaintiff Gallashaw is a Philadelphia resident. On September 8, 2007, at approximately 7:30 pm, she was waiting for a bus at 11th and Diamond Streets in Philadelphia when she encountered Police Officer James A. Miles ("Miles").

Plaintiff alleges that Miles slammed her on the ground, kicked her, hand-cuffed her, and arrested her without probable cause. Plaintiff also claims that Miles verbally assaulted her, and that she was subsequently unlawfully imprisoned and detained.

### B. Procedural History

On September 4, 2009, Plaintiff filed a complaint against Miles and the City of Philadelphia. On September 24, 2009, Plaintiff effected service on both Defendants. On October 15, 2009, the City of Philadelphia answered the complaint. Miles never answered the complaint. On November 25, 2009, the Court notified counsel for the Plaintiff that failure to request default as to Miles by December 11, 2009 could result in dismissal for lack of prosecution. Plaintiff did not request default, and on January 27, 2010, the Court dismissed the case against Miles for lack of prosecution.

On May 12, 2010, Plaintiff and the City of Philadelphia attended a Rule 16 conference. On May 24, 2010, the Court issued a Scheduling Order, pursuant to which discovery was to be completed by August 13, 2010. Dispositive motions were due August 27, 2010.

On August 26, 2010, Defendant City of Philadelphia moved for summary judgment. Plaintiff responded on September 13, 2010, and Defendant replied on September 14, 2010.

### III. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Kornegay v. Cottingham*, 120 F.3d 392, 395 (3d Cir. 1997). A fact is "material" if the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the non-moving party. *Id.*

The party moving for summary judgment bears the initial burden of demonstrating that there are no material facts supporting the nonmoving party's legal position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party carries this initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party cannot rely upon "bare assertions, conclusory allegations or suspicions" to support its claim. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Rather, the party opposing summary judgment must go beyond the pleadings and present evidence, through affidavits, depositions, or admissions on file, to show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

The threshold inquiry at the summary judgment stage involves determining whether there is the need for a trial, that is, "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**IV.     Discussion**

I will grant summary judgment in favor of Defendant on Plaintiff's § 1983 claims as well as on Plaintiff's state law claims.

### A. 42 U.S.C § 1983

Plaintiff has brought suit under § 1983, alleging that, pursuant to the customs, policies, and practices of the City of Philadelphia, and acting within the scope of his employment and under color of state law, Miles violated her constitutional rights. Defendant has moved for summary judgment on Plaintiff's § 1983 claims on the grounds that there can be no respondeat superior liability for the City of Philadelphia, and that Plaintiff cannot establish that the City had a policy or custom that caused constitutional injury.

#### 1. No Respondeat Superior Liability

Defendant is correct that there can be no respondeat superior liability for a municipality, stemming from the actions of its employees. In *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), the Supreme Court stated definitively that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." In this case therefore, even if Miles deprived Plaintiff of her constitutional rights, the City of Philadelphia is not liable under § 1983 simply as Miles's employer.

#### 2. No Policy or Custom

*Monell* also held, however, that municipalities can be liable under § 1983 when "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Id.*[3] On this point, Defendants have argued more specifically that there is no evidence in the record that would allow Plaintiff to meet her burden of proof and demonstrate a policy or custom. Plaintiff has suggested in response that Defendant has some affirmative obligation to disprove her case, and has also implied that Miles's behavior alone may be indicative of the requisite policy or custom.

### 1. Plaintiff's, Not Defendant's, Failure To Meet the Burden of Proof

Plaintiff cannot require Defendant to disprove her claims. Plaintiffs have the burden of proof when alleging municipal liability under *Monell*. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). According to the case law on summary judgment, when the nonmoving party has the burden of proof, the moving party is not required "to *produce* evidence showing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (emphasis added). Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an *absence* of evidence to support the nonmoving party's case." *Id.* (emphasis added).[4] Once the moving party has pointed out a true absence of

---

[3] To expand, *Monell* held that municipalities "can be sued directly under § 1983 . . . where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. Municipalities can also be sued under § 1983 "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.

[4] The Supreme Court explained further: "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. But . . . we find no express or implied

5

evidence, the nonmoving party who bears the burden of proof must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.[5]

Thus, Defendant was entitled to move without supporting affidavits or the like, and may properly simply point out an absence of evidence on the part of the Plaintiff. In accordance with summary judgment procedure therefore, Defendant states that Plaintiff has failed to conduct discovery on the issue of municipal liability, and has not deposed any City official regarding municipal liability. Mot. 6.[6] Defendant also notes that Plaintiff has not produced any evidence tending to show a causal link between a City policy and her injuries. *Id.*[7]

In response, Plaintiff has failed to go beyond the pleadings to demonstrate that there is a genuine issue for trial. Plaintiff relies solely on allegations in her complaint, and neglects to produce affidavits or references to other discovery materials to refute Defendant's assertions and survive summary judgment. There is simply no evidence furnished to support Plaintiff's case.

---

requirements in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex*, 477 U.S. at 323.

[5] In *Celotex*, the defendant had filed a motion for summary judgment, stating that during discovery the plaintiff had failed to produce any evidence to support a crucial element of her claim. *Id.* at 319. The Supreme Court ultimately found the motion, which relied in the main on an absence of evidence furnished during discovery, sufficient. *Id.* at 326-28. In so holding, the Court maintained that Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

[6] Plaintiff does not challenge the truth of this statement in her response. Therefore, in accordance with Federal Rule of Civil Procedure 56(e)(2), I deem it undisputed for purposes of this motion.

[7] Plaintiff may have been trying to dispute this allegation of Defendant's when she wrote that "Defendant City of Philadelphia's assault, battery and unlawful detainment, was a substantial factor to the injuries sustained." Resp. 4. However, Plaintiff furnishes no evidence of this. Furthermore, the causal link required is the one between the municipality's policy and the injury, not between the municipal employee's actions and the injury. *See Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001) (requiring "'a direct causal link between a municipal policy or custom and the alleged constitutional deprivation'" for § 1983 liability (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

For this reason alone, I can grant Defendant's Motion for Summary Judgment on Plaintiff's § 1983 claims.[8]

## 2. Other Legal Insufficiencies of Plaintiff's Claims

Even if Plaintiff could rely on her complaint at this stage of the litigation, or even if Plaintiff had substantiated her complaint with evidence, her legal arguments fail as a matter of law.

To the extent that Plaintiff is alleging general *Monell* liability, her claim that a policy or custom causing constitutional rights violations can be inferred from a single incident falls short. Traditional *Monell* liability arises when a city's official policy or custom proximately causes a constitutional deprivation. *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989).[9] Thus "[a] plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984).[10]

In *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985) (plurality opinion), the Supreme Court struck down a jury instruction that had "allowed the jury to impose liability on

---

[8] This conclusion could also be reached by relying on another Supreme Court precedent, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). There the Court wrote that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249; *see also id.* at 252 ("If the defendant in a run-of-the-mill civil case moves for summary judgment . . . based on the lack of proof of a material fact, the judge must ask . . . whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ."). Here, there is no evidence whatsoever favoring the nonmoving party, so a jury could not return a verdict in her favor. Once again, I grant summary judgment in favor of Defendant for this reason.

[9] "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)). "Custom . . . can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

[10] "To establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the municipality's custom and the specific deprivation of constitutional rights at issue." *Bielevicz*, 915 F.2d at 850.

the basis of . . . a single incident." The Court found problematic that "the instructions allowed the jury to infer a thoroughly nebulous 'policy' of 'inadequate training' on the part of the municipal corporation from the single incident . . . , and at the same time sanctioned the inference that the 'policy' was the cause of the incident." *Id.* at 823. The Third Circuit has similarly stated that "[a] single incident by a lower level employee acting under color of law . . . does not suffice to establish either an official policy or a custom." *Fletcher*, 867 F.2d at 793.[11] Indeed, Plaintiff herself references several cases requiring proof of "persistent," "widespread," or "repeated" constitutional violations before an inference of policy or custom is appropriate. Resp. 5-6.

Yet in her Response, Plaintiff attempts to do what the case law forbids, namely imply both policy and causation from a single episode. Plaintiff barely describes the incident in question, and certainly does not provide evidentiary support as to its truth. Then, after noting that Defendant failed to produce any affidavit or other document indicating that the police have a policy or procedure for detaining individuals, Plaintiff claims that it "may be reasonably inferred that Defendant City of Philadelphia failed to provide any appropriate manual and/or guideline for conduct in a matter such as that which occurred on September 8, 2007," and that "[s]uch failure was a proximate cause to the injuries sustained by Dominique Gallashaw." *Id.* at 4-5. She provides no additional details or evidence as to any policy, or its causal link to her injury. Thus Plaintiff would ask the jury to infer both policy and causation from a single incident that is not

---

[11] *See also Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (finding that a plaintiff could not survive summary judgment by making vague assertions about a police department's failure to investigate and coupling those assertions with proof of a single incident); *Losch v. Borough of Parkesburg*, 736 F.2d 903, 911 (3d Cir. 1984) ("A policy cannot ordinarily be inferred from a single instance of illegality . . . ."); *House v. New Castle Cnty.*, 824 F. Supp. 477, 486 (D. Del. 1993) ("In the absence of any unconstitutional statute or rule, it is the Plaintiffs' burden to articulate a factual basis that demonstrates considerably more proof than a single incident." (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)); *Chudzik v. City of Wilmington*, 809 F. Supp. 1142, 1150 (D. Del. 1992) ("Single incidents of misconduct, when joined with broad allegations of a policy or custom, do not give rise to liability for municipalities.").

clearly described or substantiated. Both Supreme Court and Third Circuit precedent compel the conclusion that Plaintiff's § 1983 claims fail as a matter of law on summary judgment.

To the extent that Plaintiff is alleging *Monell* liability due to failure to train more specifically, her case is even weaker. Failure to train can constitute a policy or custom giving rise to municipal liability under *Monell* as well, but a plaintiff alleging failure to train must show the added element of deliberate indifference to constitutional rights on the part of the municipality. *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). In this case, Plaintiff has not demonstrated a failure to train, and there is no evidence of the requisite deliberate indifference.[12] Thus, not only do Plaintiff's general *Monell* allegations fail, but so too do any failure to train claims.[13]

### B. State Law Claims

Plaintiff has also brought state law claims of false arrest, false imprisonment, and infliction of emotional distress.[14] Defendant argues in its Motion for Summary Judgment that

---

[12] "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under § 1983." *City of Canton*, 489 U.S. at 389. The Third Circuit has interpreted this language to require "scienter-like evidence of the deliberate indifference of specific policymakers." *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1065 n.20 (3d Cir. 1991). "Failure to . . . train municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (per curiam) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 408-09 (1997)). "But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390. Thus, in *Canton*, the Supreme Court "did not foreclose the possibility that evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability." *Brown*, 520 U.S. at 409. However, in order for evidence of a single violation of federal rights to support an inference of deliberate indifference and trigger municipal liability, that evidence must be accompanied by a showing that a municipality has failed to train its employees. In this case, there is no such showing of a failure to train. Moreover, the evidence of a violation is slight, and not supportive of a finding of deliberate indifference.

[13] The deliberate indifference requirement also applies to claims of negligent supervision and failure to investigate. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995). Therefore, any such claims made by Plaintiff fail for reasons similar to those provided above.

[14] Plaintiff invokes 42 U.S.C. §§ 1983 and 1988 in alleging infliction of emotional distress. To the extent that Plaintiff is making a claim sounding in state tort law, the analysis above governs. To the extent that Plaintiff is making a claim under § 1983, that claim must fail, at the very least because there is no § 1983 liability for the reasons stated in Part IV.A *supra*. On § 1988, see *supra* note 1.

these claims are barred by the Pennsylvania Political Subdivision Tort Claims Act (PSTCA). In her Response, Plaintiff does not directly engage with these arguments, and rather implies that there might be a "special relationship" exception to the PSTCA in this instance.

Defendant is correct that, as a general matter, claims of false arrest, false imprisonment, and intentional infliction of emotional distress are not actionable against the City of Philadelphia. According to the PSTCA, a municipality is not liable for any injury caused by itself or one of its employees. 42 Pa. Cons. Stat. Ann. § 8541 (West 2007). There are eight exceptions to this immunity for acts of negligence, but false arrest, false imprisonment, and intentional infliction of emotional distress are not included. *Id.* § 8542(b). As for intentional torts, although municipal employees themselves can be held liable for acts of "crime, actual fraud, actual malice or willful misconduct," *id*. § 8550, the City "cannot be liable for an injury caused by the criminal, fraudulent, malicious, or willful/intentional misconduct of the employee." *Hardy v. Big Beaver Falls Sch. Dist.*, 9 Pa. D. & C.5th 482, 485 (Pa. C.P. 2009) (citing *Acker v. Spangler*, 500 A.2d 206 (Pa. Commw. Ct. 1985)). Thus, not only is there no employee remaining as a defendant in this case, as the City points out, but the City could not be held liable for his willful acts. For these reasons, it appears that Plaintiff's state law tort claims can proceed no further.

Plaintiff fails to circumvent the plain reading of the PSTCA via her "special duty" argument. Plaintiff states vaguely that the concept of "special duty" is an expanding area of the law, and lays out the elements of such a claim. Resp. 6-7. However, Plaintiff makes no attempt to apply those elements to her case. Furthermore, the cases Plaintiff cites are inapposite.[15] Thus, I

---

[15] *Melendez v. City of Philadelphia*, 466 A.2d 1060 (Pa. Super. Ct. 1983) arose during a five-year period where the Pennsylvania Supreme Court had abrogated governmental immunity and the legislature had not yet reinstated it via the PSTCA. *Id.* at 1062 n.1. Moreover, it discussed when the City might be liable for the nonfeasance of its police force, not for constitutional violations or intentional torts committed by its police officers. *See id.* at 1063. Finally, as a general matter, the court noted that "[t]he duty of the City of Philadelphia to provide police protection is a public

find no "special duty" exception to the PSTCA in this case. In sum, Plaintiff's claims of false arrest, false imprisonment, and intentional infliction of emotional distress are barred as against the City of Philadelphia by the PSTCA, and I will grant Defendant's Motion for Summary Judgment on this point as well.

V.     Conclusion

For the reasons set forth above, I will grant Defendant's Motion for Summary Judgment.

_____s/ Anita B. Brody_____

ANITA B. BRODY, J.


Copies **VIA ECF** on _____ to:    Copies **MAILED** on _____ to:

---

one which may not be claimed by an *individual* unless a special relationship exists between the city and the *individual*. A special relationship is generally found to exist only in cases in which an *individual* is exposed to a special danger and the authorities have undertaken the responsibility to provide adequate protection for *him*." *Id*. There is no indication in the record of a special danger or responsibility undertaken. The other cases cited by Plaintiff, *Williams v. California*, 664 P.2d 137 (Cal. 1983), and *Warren v. District of Columbia*, 444 A.2d 1 (D.C. 1981), in addition to being from other jurisdictions and therefore not binding on me, are similarly not on point. Finally, in none of these cases did the courts actually find that a special duty had arisen.